SUPERIOR COURT
OF THE
STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
302-735-2111

June 15, 2017

Lindsay Taylor, DAG
Department of Justice
102 West Water Street
Dover, DE 19904

Anthony Capone, Esq.
Office of the Public Defender
45 The Green, Sykes Building
Dover, DE 19901

RE: *State v. Marquan Richardson*
*ID No. 1609000214*

Submitted: May 25, 2017
Decided: June 15, 2017

Counsel:

This case involves a challenge of the warrantless seizure of two cellular phones from a suspect in a home invasion. The State argues that it lawfully seized the phones pursuant to the alleged consent of Defendant Marquan Richardson (hereinafter "Mr. Richardson"), and also because exigent circumstances permitted the police to seize the phones due to the impracticability of obtaining a warrant.

For the reasons set forth herein, the State did not establish that either exception to the warrant requirement applied under the circumstances of this case. The Court acknowledges that the potentially perishable nature of cell phone data is a circumstance to consider when evaluating a seizure under the exigent circumstances exception. However, in this case, the State incorrectly argues that the time frame for evaluating exigent circumstances should be compressed into a self-imposed urgency

created by the police agency's choice to not seek a warrant for weeks before the day of a scheduled probation visit. Accordingly, exigent circumstances do not excuse the State's failure to obtain a warrant to seize the phones in this case.

In addition, on the evidentiary record presented, the State did not meet its burden to show more likely than not that the Defendant consented to the seizure of the phones at issue. The State presented no facts at the hearing touching on the factors necessary to establish Mr. Richardson's consent. Accordingly, Mr. Richardson's motion to suppress evidence seized from the two cell phones on August 8, 2016, is GRANTED.[1]

## FACTS AND ARGUMENTS OF THE PARTIES

All facts cited herein are those found by the Court after a suppression hearing held on May 25, 2017. On June 9, 2016, a home invasion occurred in Felton, Delaware. Prior to the date of the offense, the Delaware State Police began an investigation regarding a then anticipated crime. The police determined Mr. Richardson was a suspect after an informant told them he or she overheard Mr. Richardson on his phone discussing the home invasion both before and after it occurred. The police corroborated the informant's tip because it included details only available to a person with first-hand knowledge of the crime. According to the State's only testifying witness, who was the chief investigating officer (hereinafter the "detective"), the informant first began providing the police with information regarding the planned crime on June 7, 2016.

The police also obtained eye witness accounts of the home invasion informing the police that three suspects entered the home during the crime on June 9, while one

---

[1] After the police seized the phones, they obtained a warrant to search their contents. Mr. Richardson alleges that the order required the police to execute the warrant within ten days, but the search allegedly took place after ten days. The Court scheduled a second suppression hearing to address only that issue. Since the phones were impermissibly seized at the outset, the remaining issue is moot and need not be addressed further.

stayed with a vehicle. The witnesses stated that the person with the vehicle left the scene during the crime. That person later circled back to pick up the three remaining suspects. Based on these accounts, the police believed that one of the three suspects, during the commission of the crime, communicated with the driver by cell phone.

The police, having developed Mr. Richardson as a suspect in June, contacted his probation officer requesting Mr. Richardson's probation meeting schedule. On July 18, the detective informed the probation officer of the investigation and informed her that he planned to seize Mr. Richardson's phone during one of his upcoming meetings. The evidence of record established that Mr. Richardson was on Level III probation, with the requirement that he report once a week. The evidence of record also established that he was compliant with probation. Notwithstanding the at least three intervening weeks, the police did not obtain a warrant to seize his phone.

At the start of the workday on August 8, 2016, the detective emailed the probation officer to verify Mr. Richardson's report time that day. At approximately 1:00 pm on August 8, 2016, she called the detective to inform him that Mr. Richardson had reported as scheduled. The detective then asked the probation officer to keep Mr. Richardson in the office while he drove from Dover to the New Castle County office.

By the time the detective arrived at the probation office, the officer had delayed Mr. Richardson for approximately two hours. Upon his arrival, the detective introduced himself to Mr. Richardson and informed him that he was a suspect in the home invasion. He also told Mr. Richardson that his phone would either exonerate him or incriminate him. In the presence of his probation officer, Mr. Richardson handed the detective his phone. The detective then left.

Shortly after he left with the first phone, the probation officer called the detective to let him know a second phone rang on Mr. Richardson's person. The detective then returned to the probation office. Back at the probation office, Mr. Richardson told the detective that the second phone did not belong to him; he claimed

3

it belonged to his family. Nevertheless, Mr. Richardson provided its passcode to the detective. At that point, he determined that Mr. Richardson had used the phone as well. The detective then decided to seize the second phone. Mr. Richardson now stands charged with three counts of Robbery in the First Degree, Home Invasion and other accompanying charges.

Mr. Richardson seeks to suppress evidence found on the two phones. He argues that this warrantless seizure was invalid, and therefore, the Court must suppress the evidence obtained from that seizure. In response to Mr. Richardson's motion, the State primarily argues that exigent circumstances justified this warrantless seizure. According to the State, had the detective not obtained the phones while he was at the probation office, it would have been easy and expected for Mr. Richardson to destroy evidence contained on the phones. Although not raised in the State's written response, the detective's testimony at the hearing referenced alleged consent to the seizure of the first phone. The State then supplemented its argument by alleging that the warrantless seizure was also justified based on consent.

## STANDARDS

In a suppression hearing, the Court sits as the finder of fact and evaluates the credibility of the witnesses.[2] The burden is on the State to justify a warrantless search or seizure.[3] In addition, the party with whom the burden rests must persuade the Court by a preponderance of the evidence.[4]

---

[2] *State v. Hopkins*, 2016 WL 6958697, at *2 (Del. Super. Ct. Nov. 28, 2016).

[3] *State v. Holmes*, 2015 WL 5168374, at *3 (Del. Super. Ct. Sept. 3, 2015) (citation omitted).

[4] *State v. Lambert*, 2015 WL 3897810, at *2 (Del. Super. June 22, 2015) *aff'd* 149 A.3d 227 (Del. 2016).

4

It is an established principle that "warrantless searches 'are *pre se* unreasonable.'"[5] This general rule is of course subject to a few well-established exceptions.[6]  For the purposes of this motion, the relevant exceptions are exigent circumstances[7] and consent.[8]  The State bears the burden of establishing the existence of exigent circumstances[9] and that the police conducted the seizure pursuant to consent.[10]

## DISCUSSION

The police seized two of Mr. Richardson's phones without a warrant.  While the State argues that the detective seized both phones pursuant to Mr. Richardson's consent, the seizure of the first phone was the only seizure arguably made with his consent.  Nevertheless, the Court finds that the State failed to meet its burden of establishing that Mr. Richardson consented to the seizure of even the first phone. Furthermore, as to both phones, the police had adequate time to obtain a warrant prior to the scheduled probation meeting.  Accordingly, the inconvenience cited by the State does not create the exigent circumstances necessary to circumvent the warrant requirement.

**There was insufficient evidence presented at the hearing for the Court to find consent for seizure of the first phone.**

Since chronologically consent is implicated first and involves only the seizure of the first phone, the Court will address it first.  In order for consent to justify a

---

[5] *Cooke v. State*, 977 A.2d 803, 854 (Del. 2009) (citing *Katz v. United States*, 389 U.S. 347, 357 (1967)).

[6] *Id.*

[7] *E.g. Illinois v. McArthur*, 531 U.S. 326, 331 (2001).

[8] *E.g. Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973).

[9] *Seward v. State*, 723 A.2d 365, 371 (Del. 1999).

[10] *Scott v. State*, 672 A.2d 550, 552 (Del. 1996).

warrantless seizure, that consent must be voluntarily given.[11]  In determining whether the consent was valid, based on a totality of the circumstances, a court must consider factors "including (1) knowledge of the constitutional right to refuse consent; (2) age, intelligence, education, and language ability; (3) the degree to which the individual cooperates; and (4) the length of detention and the nature of questioning, including the use of physical punishment or other coercive police behaviors."[12]

Here, the Court finds that the State did not meet its burden of establishing that Mr. Richardson voluntarily consented to the seizure of the first phone.  The State's sole evidence regarding consent came from the detective's testimony.  He testified that when he informed Mr. Richardson that his phone would either exonerate him or incriminate him, Mr. Richardson handed it to him.  The State offers no other testimony or evidence regarding consent.

Despite the detective's testimony that Mr. Richardson consented to the seizures, the Court must evaluate the alleged consent in light of its factual context. Most notably here, is the fact that the detective asked the probation officer to keep Mr. Richardson at the office until he could drive to New Castle County to seize his phone.  Namely, Mr. Richardson was "kept" at probation for approximately two hours, which is longer than the typical probation appointment.

Moreover, the State did not provide any evidence regarding whether Mr. Richardson knew of his right to refuse the seizure, or testimony touching on any of the above-mentioned factors necessary for the Court to evaluate the validity of his consent.[13]  The State's burden includes showing that the consent was "not the result

---

[11] *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973).

[12] *Cooke v. State*, 977 A.2d 803, 855 (Del. 2009).

[13] *See State v. Hopkins*, 2016 WL 6958697, at *2 (Del. Super. Ct. Nov. 23, 2016) (recognizing that a court cannot find valid consent if the record is "devoid of any evidence of the factors necessary to evaluate the effectiveness or validity of the consent").

6

of duress or coercion, express or implied."[14]  Given the totality of the circumstances surrounding the alleged consent, namely the probation officer keeping Mr. Richardson at his appointment for two hours, coupled with the lack of evidence regarding any of the factors needed to evaluate consent, the Court finds that the State has not met its burden of establishing that Mr. Richardson voluntarily consented to the seizure.  Accordingly, the State cannot properly rely on this exception to the warrant requirement.

**The police had adequate time to obtain a warrant in advance of the scheduled probation appointment.  Inconvenience, or the possible need to obtain an updated second warrant, does not rise to the level of exigent circumstances authorizing a warrantless seizure.**

Exigent circumstances are the State's principal argument for seizure of both phones.  The State's only witness testified that he intended to obtain Mr. Richardson's phone while he was at a probation appointment.  He first planned to do so in July, weeks before he went to the New Castle County probation office.  The detective testified that because of the length of a typical probation meeting, he did not believe that he had time to first obtain a warrant.  His testimony established that it would have taken him an hour to draft a probable cause affidavit (though he offered no explanation for why it could not have been prepared in the intervening weeks before the meeting), and then additional time for a court to sign the warrant.  In this regard, he testified that waiting for court approval could take anywhere from ten minutes to an hour or more.  Accordingly, he did not believe he had sufficient time to first obtain a warrant.  The detective also testified that a suspect can easily and quickly destroy evidence contained in a cellular phone, making such a seizure urgent.  From this testimony, the State argued that exigent circumstances existed.

---

[14] *Id. (*citing *Liu v. State*, 628 A.2d 1376. 1382 (Del. 1993)).

The exigent circumstances exception to the warrant requirement permits police "to seize an item without a warrant if they have a good faith belief that the item contains evidence that could be destroyed by the time a warrant is available."[15] In determining whether exigent circumstances existed to justify a warrantless seizure, the Court must examine certain factors to determine whether the police actions were reasonable.[16] These factors are

> (1) the degree of urgency involved and amount of time necessary to obtain a warrant; (2) the reasonable belief that contraband is about to be removed; . . . (3) information indicating the possessors of contraband are aware that the police are on their trail; and (4) the ready destructibility of the contraband . . . .[17]

Also relevant to the Court's reasonableness determination is whether the police had probable cause to believe evidence was on Mr. Richardson's phones, whether the detective "made reasonable efforts to reconcile . . . law enforcement needs with the demands of personal privacy," and the length of time the person remained without his or her property.[18]

In furtherance of the State's exigency argument, the State relies solely on *Williams v. State*[19] and *State v. Seward*.[20] Both cases include an evaluation of relevant facts and found there to be exigent circumstances. Both are distinguishable on their facts from the case at hand.

First, in *Williams*, the Delaware Supreme Court held that exigent circumstances existed because the police unexpectedly observed an entire drug transaction instead

---

[15] *Floudiotis v. State*, 726 A.2D 1196, 1209 (Del. 1999).

[16] *State v. Seward*, 2007 WL 1784188, at *4 (Del. Super. Ct. July 3, 2007).

[17] *Id.*

[18] *Illinois v. McArthur*, 531 U.S. 326, 331–33 (2001).

[19] 331 A.2d 380 (Del. 1975).

[20] 2007 WL 1784188 (Del. Super. Ct. July 3, 2007).

of an initial meeting as the police previously believed.[21] The police knew that the transaction would last only minutes, and if they did not act immediately, the participants would then leave the scene.[22] To avoid this, the police entered the motel room where the transaction was occurring, "for the purpose of securing the persons and contents of the room until a search warrant could be obtained . . . ."[23] The Court found that exigent circumstances justified this warrantless seizure.[24]

Second, in *Seward*, the Delaware Superior Court determined that exigent circumstances existed after the police attempted to conduct a controlled buy.[25] During the course of this controlled buy, the suspect's brother conducted counter surveillance on the informant.[26] After doing so, the suspect called the informant and asked him to meet at the suspect's nearby house to discuss the transaction, which was abnormal.[27] As a result, the police believed that the suspect was aware of the investigation or would be aware in a matter of minutes and that he would destroy narcotics evidence.[28] The Court found that the police permissibly entered the suspect's house without a warrant based on these exigent circumstances.[29]

In both *Williams* and *Seward*, the police were in the process of conducting fast paced investigations. While in the course of the surveillance in both of those cases, the circumstances changed unexpectedly. The factual circumstances of both cases indicated that had the police not acted immediately, it was reasonable for the police to believe that the suspects would have destroyed evidence.

---

[21] 331 A.2d at 383.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] 2007 WL 1784188, at *5.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

Here, the Court finds that the State has not established, by a preponderance of the evidence, that exigent circumstances existed. The Court does not find that there was a sufficient degree of urgency in this case. The police had identified Mr. Richardson as a possible person involved in the crime in June. By July, the police identified him as a leading suspect in this home invasion, which prompted them to first contact his probation officer on July 18. Despite having Mr. Richardson's probation related information by July 18 at the latest, there is no indication on the record that the police took any additional action to further their investigation. Instead, they waited until August to seize the phones at the probation office during a scheduled appointment. While the Court recognizes that the probation officer did not contact the detective again until August 8, the detective did not provide any testimony explaining why the seizure had to occur at Mr. Richardson's probation office. The State also failed to offer any evidence explaining why the detective could not have obtained and executed a warrant at any point in June or July despite the fact that the police had identified the reason to search his phone by that point.

Moreover, the State did not provide evidence that the police were unaware of Mr. Richardson's location making it imperative that the seizure occur while he was at probation. As the police identified Mr. Richardson in June and suspected his involvement even before he allegedly committed the crime, the Court does not find that there was a degree of urgency to obtain the phones that day. The police, by August 8, had already waited at least three weeks.

Furthermore, the detective testified that he was aware of Mr. Richardson's probation appointment on August 8 prior to the day of the appointment. There was no evidence that Mr. Richardson had a history of violating his probation, making it reasonable to believe that Mr. Richardson would appear that day. The Court finds it unreasonable to not have prepared the documents and secured the warrant that day or a couple of days before the appointment. Had the detective done so, the warrant would have been in hand when the detective appeared at the probation office. Even

under the compressed timeline argued by the State, there was sufficient time to draft the documents prior to that morning and obtain a signed warrant.

Attempting to satisfy the remaining factors of exigent circumstances, the State further argues that there was a reasonable belief that evidence was about to be destroyed because Mr. Richardson now knew he was a suspect. A person's knowledge that he or she is a suspect in a police investigation is a major factor in determining whether exigent circumstances existed.[30] However, there is no evidence of record presented that would even warrant an inference by the Court that Mr. Richardson was aware that he was identified as a suspect in the home invasion prior to the detective appearing at his probation appointment. The State merely argues that after the detective appeared at the probation office, Mr. Richardson was aware that he was under police investigation and was likely to destroy potential evidence on the phones. In the context of exigent circumstances, whether the suspect was aware of a police investigation is determined *prior* to the warrantless search or seizure.[31]

Accordingly, the Court finds, based on the totality of the circumstances, that the State did not satisfy its burden of establishing exigent circumstances. The Court does not find a sufficient degree of urgency given that the police were aware of the extent of Mr. Richardson's involvement for a significant period before August 8th. Moreover, even examining the urgency of the circumstances under the artificially compressed time frame on August 8, this Court does not believe that it was reasonable for the Detective to forgo preparation of a warrant. He could have

---

[30] *See Seward v. State*, 723 A.2d 365, 371 (Del. 1999) (determining that exigent circumstances existed because the defendant did knew that he was under investigation making the police's belief that he would destroy evidence reasonable).

[31] *See id* (stating that in the three days leading up to the defendant's arrest, the police observed defendant's behavior and that behavior was indicative of him knowing he was under investigation); *State v. Seward*, 2007 WL 1784188, at *5 (Del. Super. Ct. July 3, 2007) (explaining that due to the police observing defendant's brother conduct counter surveillance before a controlled buy, the defendant was aware, or would become aware shortly thereafter, of the police investigation which in part justified the later warrantless search).

reasonably drafted the affidavit of probable cause and other warrant materials prior to that morning. In that event, he need only have sought approval of the warrant prior to the morning of the scheduled probation meeting. While it seems clear and uncontested that the police had probable cause to seize the phones, the detective's actions did not evidence an attempt to reconcile Mr. Richardson's privacy interests with law enforcement needs. The fact that a person can easily delete evidence on a cell phone is insufficient alone to establish exigent circumstances. Accordingly, exigent circumstances do not justify this warrantless seizure.

## CONCLUSION

As the State failed to establish both voluntary consent and the presence of exigent circumstances, the Court finds that the warrantless seizures violated Mr. Richardson's Federal and State constitutional rights. Accordingly, any evidence obtained from the two phones is suppressed. As the Court finds that the initial warrantless seizures violated Mr. Richardson's rights, the Court will not consider whether the subsequently obtained warrant to search the phones was valid. That issue is now moot. Mr. Richardson's motion to suppress is hereby GRANTED.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge

12